# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES RIGSBY, | ) |
| Plaintiff, | ) Case No. 11-00261-CV-W-DGK |
| v. | ) |
| XL HEALTH CORPORATION, et al., | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is the Defendants'—XL Health Corporation, Care Improvement Plus South Central Insurance Company, and Care Improvement Plus of Texas Insurance Company—fully-briefed Motion to stay and compel arbitration. Docs. 5-6, 8-9. For the reasons discussed herein, the Defendants' Motion is GRANTED.

## Background

On January 7, 2011, the Plaintiff filed suit against the Defendants in the Circuit Court of Jackson County, Missouri, alleging several contract and tort claims related to his termination as a broker for the Defendants' various Medicare plans. Doc. 1-2. Within 30 days of service, the Defendants removed the case to this court of the basis of diversity of citizenship. Doc. 1. The Plaintiff alleges that the Defendants breached their brokerage agreement by firing him "with cause" despite allegedly knowing that there was no cause for the termination. The Plaintiff asserts that termination for cause deprives him of future commissions, whereas a termination without cause—which was allowed for either party with 30 days' notice—would not have affected his rights to these commissions.[1] The Plaintiff's theory of the case is that the Defendants seized on an improper basis to terminate him in order to "honor[] third party requests

---
[1] The Plaintiff asserts that the Defendants changed his termination to one without cause in November 2010.

that [he] be terminated…preserv[e] their relationship…with Medicare…preserv[e] their relationship…with SMPs [Senior Medicare Patrol]…[and to] utilize[e] Plaintiff James Rigsby as a 'sacrificial lamb' to preserve their relationship with Medicare, SMPs, regulatory agencies and/or other third parties." Doc. 1-2 at ¶ 55. The parties agree that their relationship was governed by a written contract which the Defendants terminated on August 20, 2010. Defendants assert that this contract plainly and validly requires "final and binding arbitration" of "any controversy or claim arising out of or relating to this Agreement." The Plaintiff claims that some of his claims are not subject to arbitration and that the Defendants have waived their right to arbitration.

**Standard**

The Federal Arbitration Act allows parties to avoid litigation by "written provision…to submit to arbitration an existing controversy arising out of such a contract" and provides that such clauses will be "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. District courts with an independent basis of jurisdiction may compel parties to arbitration "in accordance with the terms of the agreement." 9 U.S.C. § 4, *Northport Health Svcs. of Arkansas v. Rutherford,* 605 F.3d 483, 486 (8th Cir. 2010). In determining whether or not to compel arbitration, the Court must only consider "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute." *Pro Tech Indus., Inc. v. URS Corp.,* 377 F.3d 868, 871 (8th Cir. 2004). A party waives its right to arbitration if it knows of its right to arbitrate, acts inconsistently with that right, and such actions prejudice the other party. *Hooper v. Advance America, Cash Advance Ctrs. of Missouri, Inc.,* 589 F.3d 917, 920 (8th Cir. 2009) (describing this commonly applied "tripartite test").

## Discussion

### A. Defendants Have Not Waived Their Right to Arbitration

The Plaintiff asserts that the Defendants have waived their right to arbitration by failing to meet and confer with him regarding his termination in good faith. In support of this, the Plaintiff cites a contractual provision designating this "meet and confer" action as a condition precedent to demanding arbitration. Doc. 8-1, Ex. 4. Specifically, the Plaintiff claims that the Defendants' failure to provide him with information supporting their decision to terminate him for cause, followed by the decision to change his termination to one "without cause," is evidence of the Defendants' bad faith. While the case law does not explicitly designate this as the only way to behave inconsistently with arbitration, the cases deal entirely with the question of whether a party has "substantially invoke[d] the litigation machinery before asserting its arbitration right." *Se. Stud & Components, Inc. v. American Eagle Design Build Studios, LLC,* 588 F.3d 963, 968 (8th Cir. 2009) (citations omitted). For example, *Hooper* dealt with the question of whether filing a motion to dismiss on grounds unrelated to arbitration constituted waiver. 578 F.3d at 919-20. Case law strongly and consistently suggests that the inconsistency prong should be looked at through the lens of litigation. *See, e.g., N & D Fashions, Inc. v. DHJ Indus., Inc.,* 548 F.2d 722, 728 (8th Cir. 1976) ("Here, DHJ demanded arbitration and moved for a stay immediately upon the filing of the complaint; plainly, it took no action inconsistent with the right to arbitration."). While it is possible that invoking litigation is merely sufficient but not necessary to this prong of the waiver test, other authority suggests that behaving inconsistently with arbitration necessarily involves litigation. *See E.C. Ernst, Inc. v. Manhattan Const. Co. of Texas,* 599 F.2d 268, 269 (5th Cir. 1977) (describing litigation as "the essence of waiver"). This is consistent with the notion that a party must "intentionally relinquish[] an existing right to

compel arbitration." *Fisher v. A.G. Becker Paribas Inc.,* 791 F.2d 691, 694 (9th Cir. 1986). Using the court system indicates a desire not to arbitrate; engaging in allegedly bad faith behavior *during* the dispute subject to arbitration does not, regardless of how such behavior might reflect on the merits of the Plaintiff's claims. Removal is a procedural action that is not inconsistent with a party's right to arbitrate the merits. *Halim v. Great Gatsby's Auction Gallery,* 516 F.3d 557, 562 (7th Cir. 2008), *see also* 14B Charles Alan Wright, et al. *Federal Practice and Procedure* § 3721 (4th ed. 2009). The Defendants removed this case and moved to stay and compel arbitration five days later. Doc. 5. Accordingly, the Court finds that they have not behaved inconsistently with their right to arbitration and thus not waived it.

**B. The Question of Arbitrability is Best Left to the Arbitrator**

The Plaintiff argues that if the Defendants have not waived arbitration, his prima facie tort clam is still not subject to arbitration. The arbitration clause at issue requires arbitration for all disputes "arising out of or relating to this Agreement, or the breach thereof, whether involving *a claim in tort*, contract, statute or otherwise…" Doc. 8-1, Ex. 4 (emphasis added). Such broad language severely undercuts the Plaintiff's argument as to arbitrability. Furthermore, since the Plaintiff apparently agrees that—absent waiver—*some* claims are arbitrable, further questions of arbitrability are best resolved by the arbitrator. *See Fallo v. High-Tech Inst.,* 559 F.3d 874, 878 (8th Cir. 2009) (finding that incorporating the rules of the American Arbitration Association into the provision—which the parties have done in this case—constituted a desire to allow the arbitrator to decide questions of his jurisdiction). *See also* American Arbitration Association, *Employment Arbitration Rules and Mediation* Rule 6(a), http://www.adr.org/sp.asp?id=32904#6 (last visited June 15, 2011) ("The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the

arbitration agreement."). Accordingly, while it seems clear that the tort claim is related to the breach of the agreement, and the arbitration provision explicitly encompasses tort claims, the Court will leave the ultimate determination to the arbitrator.

## Conclusion

The Plaintiff does not argue the validity of the arbitration provision, but rather waiver and arbitrability. The Court finds that the Defendants have not waived their right to arbitrate and that the arbitrator should rule on his jurisdiction. Accordingly, the Defendants' Motion is GRANTED. The case is hereby STAYED. The parties shall file a joint status report within 90 days of the date of this Order and every 60 days thereafter detailing the status of the arbitration.

**IT IS SO ORDERED**

Dated: June 28, 2011                             /s/ Greg Kays
                                                GREG KAYS,
                                                UNITED STATES DISTRICT JUDGE